

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| KATHRYN A HOSKINS,<br>    Plaintiff,<br>v.<br>TUESDAY MORNING INC,<br>    Defendant. | **No. CJ-2015-1939**<br>(Civil relief more than $10,000: DISCRIMINATION)<br><br>Filed: 05/20/2015<br><br><br>Judge: Sellers, Jefferson D. |

## PARTIES

HOSKINS, KATHRYN A, Plaintiff
TUESDAY MORNING INC, Defendant

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| SMOLEN, DANIEL E (Bar #19943)<br>701 S. CINCINNATI<br>TULSA, OK 74119 | HOSKINS, KATHRYN A |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**    Issue: DISCRIMINATION (DISCRIM)
            Filed By: HOSKINS, KATHRYN A
            Filed Date: 05/20/2015

| Party Name | Disposition Information |
|---|---|
| **Defendant:**<br>TUESDAY MORNING INC | Pending. |

EXHIBIT 1

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 05-20-2015 | TEXT | Civil relief more than $10,000 Initial Filing. | 1 | | |
| 05-20-2015 | DISCRIM | DISCRIMINATION | | | |
| 05-20-2015 | DMFE | DISPUTE MEDIATION FEE | | | $ 2.00 |
| 05-20-2015 | PFE1 | PETITION<br>*Document Available (#1029611061)* | | | $ 163.00 |
| 05-20-2015 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 05-20-2015 | OCISR | Oklahoma Court Information System Revolving Fund | | | $ 25.00 |
| 05-20-2015 | CCADMIN02 | Court Clerk Administrative Fee on $2 Collections | | | $ 0.20 |
| 05-20-2015 | OCJC | Oklahoma Council on Judicial Complaints Revolving Fund | | | $ 2.00 |
| 05-20-2015 | OCASA | Oklahoma Court Appointed Special Advocates | | | $ 5.00 |
| 05-20-2015 | CCADMIN04 | Court Clerk Administrative Fee on Collections | | | $ 0.50 |
| 05-20-2015 | LTF | Lengthy Trial Fund | | | $ 10.00 |
| 05-20-2015 | SMF | Summons Fee (Clerks Fee) | | | $ 5.00 |
| 05-20-2015 | SMIMA | Summons Issued - Mailed by Attorney | | | |
| 05-20-2015 | TEXT | OCIS has automatically assigned Judge Sellers, Jefferson D. to this case. | | | |
| 05-20-2015 | ACCOUNT | Receipt # 2015-3097203 on 05/20/2015.<br>Payor:SMOLEN SMOLEN Total Amount Paid: $218.70.<br>Line Items:<br>CJ-2015-1939: $168.00 on AC01 Clerk Fees.<br>CJ-2015-1939: $6.00 on AC23 Law Library Fee.<br>CJ-2015-1939: $0.70 on AC31 Court Clerk Revolving Fund.<br>CJ-2015-1939: $5.00 on AC58 Oklahoma Court Appointed Special Advocates.<br>CJ-2015-1939: $2.00 on AC59 Council on Judicial Complaints Revolving Fund.<br>CJ-2015-1939: $2.00 on AC64 Dispute Mediation Fees.<br>CJ-2015-1939: $25.00 on AC79 OCIS Revolving Fund.<br>CJ-2015-1939: $10.00 on AC81 Lengthy Trial Fund. | | | |

 

DISTRICT COURT
**FILED**

MAY 20 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

KATHRYN A. HOSKINS, an individual, )
)
Plaintiff, ) CJ No. 2015-01939
)
vs. )
) ATTORNEY LIEN CLAIMED
TUESDAY MORNING, INC., )
a Foreign For Profit Corporation, )
) JEFFERSON D. SELLERS
Defendant. )

## PETITION

COMES NOW the Plaintiff, Kathryn A. Hoskins, by and through her attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, Tuesday Morning, Inc. ("Tuesday Morning"), for violation of her protected rights arising out of her employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages, to secure protection of, and to redress deprivation of rights secured by the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (hereinafter "ADEA").

2. Plaintiff is a resident of Tulsa County, State of Oklahoma.

3. Defendant is a foreign for-profit corporation regularly conducting business in Tulsa County, State of Oklahoma, and employs more than fifteen (15) people.

4. The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on age. A Notice of Right to

1

Sue was received by Plaintiff, and this Petition has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

6. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff incorporates as if re-alleged the preceding paragraphs.

10. Defendant hired Plaintiff as a store manager on or around September 18, 2001.

11. Plaintiff received positive performance appraisals throughout her employment with Defendant; the appraisals were at a level above job expectations and she received a promotion on or around May 13, 2004.

12. In November of 2012, Plaintiff was demoted from regional manager to district manager. At the time, the company had ten (10) regional managers. Four (4) regional managers, including Plaintiff, were selected to be offered a demotion or to leave the company with a severance. Plaintiff was the only one of the four (4) that accepted the demotion to stay with the company.

13. The alleged reason for the aforementioned demotion/severances was that the geographical areas were being split in a way that made more sense. As intended by Defendant, the result left six (6) regional managers, all but one being a minimum of ten (10) years younger than Plaintiff.

14. Throughout the thirteen (13) months following her demotion, Plaintiff's supervisor told her on more than one occasion that she was "a target."

15. On or around January 16, 2014, Defendant terminated Plaintiff from employment. That day, Don Mierzwa (Senior Vice-President of Store Operations) notified Plaintiff that she had failed to bring the stores that she supervised "up to standard in a timely manner."

16. Prior to Don Mierzwa's notification, Plaintiff was never warned or counseled that the condition of her stores was a concern.

17. Currently, Defendant has a total of 52 district managers, and only four (4) of these 52 managers are comparable in age to Plaintiff. Furthermore, the district that Plaintiff formerly supervised was split between three (3) district managers who were all ten to fifteen (10 to 15) years younger than her.

18. Plaintiff believes that she was treated differently and terminated based upon her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

## FIRST CLAIM FOR RELIEF

### Disparate Treatment and Termination on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.*

19. The preceding paragraphs are incorporated herein by reference.

20. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 *et seq.*

21. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to treatment and termination in violation of the ADEA.

22. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

23. Defendant committed the act alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

24. Upon information and belief, Plaintiff's termination was motivated in substantial part by her age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for her mental anguish, pain and suffering, and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Plaintiff's attorney fees and the costs and expenses of this action;
e. Injunctive relief;
f. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

/s/ Daniel E. Smolen

Daniel E. Smolen, OBA# 19943
Smolen, Smolen, & Roytman, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorney for Plaintiff*

 **CT Corporation**

**Service of Process Transmittal**
05/26/2015
CT Log Number 527186427

**TO:** Berty Custodio
Tuesday Morning Inc.
6250 Lyndon B Johnson Fwy
Dallas, TX 75240-6321

**RE:** Process Served in Oklahoma

**FOR:** Tuesday Morning, Inc. (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kathryn A. Hoskins, etc., Pltf. vs. Tuesday Morning, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Original Summons, Certificate, Petition |
| **COURT/AGENCY:** | Tulsa County District Court, OK<br>Case # CJ201501939 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Plaintiff terminated due to his age |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Oklahoma City, OK |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/26/2015 postmarked on 05/21/2015 |
| **JURISDICTION SERVED:** | Oklahoma |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Daniel E. Smolen<br>Smolen, Smolen & Roytman, P.L.L.C.<br>701 S. Cincinnati Ave.<br>Tulsa, OK 74119<br>918-585-2667 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/27/2015, Expected Purge Date: 06/01/2015<br>Image SOP<br>Email Notification, Brian Monahan bmonahan@tuesdaymorning.com<br>Email Notification, Berty Custodio bcustodio@tuesdaymorning.com<br>Email Notification, Rajani Rao rrao@tuesdaymorning.com<br>Email Notification, Meredith Bjorck mbjorck@tuesdaymorning.com<br>Email Notification, Rebecca Chartan rchartan@tuesdaymorning.com<br>Email Notification, Carla Ayer cayer@tuesdaymorning.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 1833 South Morgan Road<br>Oklahoma City, OK 73128 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of 1 / RS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Smolen | Smolen | Roytman**
ATTORNEYS AT LAW
701 S. Cincinnati Ave. Tulsa, OK 74119
www.ssrok.com

**CERTIFIED MAIL**

7014 2870 0001 2703 8273

Tuesday Morning, Inc.
c/o The Corporation Company
1833 S. Morgan Rd.
Oklahoma City, OK 73128

US POSTAGE $006.69⁰
PITNEY BOWES
02 1P
0001040389 MAY 21 2015
MAILED FROM ZIP CODE 74119

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| KATHRYN A. HOSKINS, an individual, ) | |
| ) | **CJ-2015-01939** |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | ATTORNEY LIEN CLAIMED |
| TUESDAY MORNING, INC., ) | |
| a Foreign For Profit Corporation, ) | |
| ) | |
| Defendant. ) | |

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Tuesday Morning, Inc.
c/o The Corporation Company
1833 S Morgan Rd.
Oklahoma City, OK   73128

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this __20__ day of __5__, 2015

County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**
**PERSONAL SERVICE**

I certify that I received the foregoing Summons the _____ day of _____, 2015, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____._____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
|  |  |  |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2015, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2015. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
   Dated this _____ day of _____, 2015.
                               By:
                                          Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.
                                          Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2015.
My Commission Expires: _____
       Seal                         Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2015, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
|  |  |  |

                                        Signature of person mailing summons



**DISTRICT COURT**
**FILED**

MAY 20 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

KATHRYN A. HOSKINS, an individual,     )
                                       )
            Plaintiff,                 )   Case No. CJ-2015-01939
                                       )
vs.                                    )
                                       )   ATTORNEY LIEN CLAIMED
TUESDAY MORNING, INC.,                 )
a Foreign For Profit Corporation,      )
                                       )   JEFFERSON D. SELLERS
            Defendant.                 )

## PETITION

COMES NOW the Plaintiff, Kathryn A. Hoskins, by and through her attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, Tuesday Morning, Inc. ("Tuesday Morning"), for violation of her protected rights arising out of her employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages, to secure protection of, and to redress deprivation of rights secured by the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (hereinafter "ADEA").

2. Plaintiff is a resident of Tulsa County, State of Oklahoma.

3. Defendant is a foreign for-profit corporation regularly conducting business in Tulsa County, State of Oklahoma, and employs more than fifteen (15) people.

4. The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on age. A Notice of Right to

Sue was received by Plaintiff, and this Petition has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

6. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff incorporates as if re-alleged the preceding paragraphs.

10. Defendant hired Plaintiff as a store manager on or around September 18, 2001.

11. Plaintiff received positive performance appraisals throughout her employment with Defendant; the appraisals were at a level above job expectations and she received a promotion on or around May 13, 2004.

12. In November of 2012, Plaintiff was demoted from regional manager to district manager. At the time, the company had ten (10) regional managers. Four (4) regional managers, including Plaintiff, were selected to be offered a demotion or to leave the company with a severance. Plaintiff was the only one of the four (4) that accepted the demotion to stay with the company.

13. The alleged reason for the aforementioned demotion/severances was that the geographical areas were being split in a way that made more sense. As intended by Defendant, the result left six (6) regional managers, all but one being a minimum of ten (10) years younger than Plaintiff.

14. Throughout the thirteen (13) months following her demotion, Plaintiff's supervisor told her on more than one occasion that she was "a target."

15. On or around January 16, 2014, Defendant terminated Plaintiff from employment. That day, Don Mierzwa (Senior Vice-President of Store Operations) notified Plaintiff that she had failed to bring the stores that she supervised "up to standard in a timely manner."

16. Prior to Don Mierzwa's notification, Plaintiff was never warned or counseled that the condition of her stores was a concern.

17. Currently, Defendant has a total of 52 district managers, and only four (4) of these 52 managers are comparable in age to Plaintiff. Furthermore, the district that Plaintiff formerly supervised was split between three (3) district managers who were all ten to fifteen (10 to 15) years younger than her.

18. Plaintiff believes that she was treated differently and terminated based upon her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

## FIRST CLAIM FOR RELIEF

### Disparate Treatment and Termination on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.*

19. The preceding paragraphs are incorporated herein by reference.

20. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 *et seq.*

21. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to treatment and termination in violation of the ADEA.

22. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

23. Defendant committed the act alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

24. Upon information and belief, Plaintiff's termination was motivated in substantial part by her age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement;
    b. Compensatory damages for her mental anguish, pain and suffering, and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d. Plaintiff's attorney fees and the costs and expenses of this action;
    e. Injunctive relief;
    f. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

_____
Daniel E. Smolen, OBA# 19943
Smolen, Smolen, & Roytman, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorney for Plaintiff*